**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ZOIE RUSSO, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

FLORIDA HEALTH SCIENCES CENTER, INC. d/b/a Tampa General Hospital, a Florida corporation,

    Defendant.

Case No.: 8:23-cv-01757-KKM-CPT

**JOINT MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF SETTLEMENT IN THE *DIPIERRO* ACTION**

Defendant, Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital ("Defendant" or "TGH"), and Plaintiff, Zoie Russo ("Plaintiff," and together with TGH, the "Parties"), respectfully and jointly move this Court to continue the stay of this action until preliminary and final approval of the settlement in *DiPierro v. Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital*, No. 8:23-cv-01864-KKM-UAM ("*DiPierro* Action"). In support thereof, the Parties state as follows:

1. **Procedural and Factual Background.** On July 21, 2023, Plaintiff, Angelica DiPierro, filed the *DiPierro* Action, the first of 15 virtually

identical class actions (the "Related Actions")[1] against TGH alleging causes of action stemming from an alleged data incident implicating TGH's computer systems occurring between May 12 and May 30, 2023 ("Data Incident") on behalf of a nationwide class. After TGH removed the *DiPierro* Action to this Court on August 17, 2023, Plaintiff DiPierro filed an Amended Complaint naming six additional plaintiffs seeking to represent a nationwide and Florida subclass and stating Florida common law and statutory claims against TGH for harms they allegedly suffered following the Data Incident. [*See generally DiPierro* Action, Dkt. No. 8.]

2.     Shortly after the *DiPierro* Action was filed and removed, TGH began meeting and conferring with the *DiPierro* plaintiffs to discuss, among other things, early resolution of the *DiPierro* Action. To that end, the parties to the *DiPierro* Action agreed to attend mediation before mediator Jill R. Sperber of Judicate West on November 6, 2023.

3.     After alerting plaintiffs in the Related Actions, including Plaintiff here, of the mediation, TGH jointly moved, with Plaintiff's consent, to stay this action until December 6, 2023, pending the outcome of the mediation in the *DiPierro* Action, with a status report alerting the Court and Plaintiff of same

---

[1] One individual action was also file against TGH in Florida state court. *See Raslavich v. Florida Health Scis. Ctr., Inc.*, Case No. 23CA014923 (Fla. 13th Jud. Cir., Hillsborough Cty.).

due by November 10, 2023. [*See* Dkt. No. 14.] On September 19, 2023, the Court granted the Parties' motion and stayed this action through December 6, 2023, pending the outcome of the *DiPierro* Action mediation. [Dkt. No. 15.] Thereafter, on November 10, 2023, TGH filed a status report notifying the Court and Plaintiff that TGH and the *DiPierro* plaintiffs had reached a nationwide settlement at their November 6, 2023, mediation. [Dkt. No. 21.]

4.  Following the mediation, the parties to the *DiPierro* Action likewise filed a Joint Notice of Settlement and Request to Stay Any Current Deadlines in the *DiPierro* Action ("Joint Notice") and requested that the Court allow the *DiPierro* plaintiffs until December 26, 2023 to move for preliminary approval of class action settlement or, if needed, to file an additional status report advising the Court on the parties' progress. [*DiPierro* Action, Dkt. No. 31.] The Court granted the relief requested in the Joint Notice on November 13, 2023. [*Id.* at Dkt. No. 32.] Accordingly, the *DiPierro* plaintiffs' motion for preliminary approval or, alternatively, a status report updating the Court on the progress of same, is due on December 26, 2023.

5.  In the interim, TGH has met and conferred with Plaintiff here to discuss how this action should proceed given the nationwide settlement. TGH and Plaintiff's counsel have agreed, with the Court's permission, to extend the stay of this action until after preliminary and final approval of the settlement

in the *DiPierro* Action, or denial of same. The Court should grant the Parties' motion for the reasons outlined below.

6. **A Continued Stay is Warranted Under the Circumstances.** As demonstrated above, the Court has already granted a stay of this action, and a continuation of that stay is warranted pending preliminary and final approval of the nationwide class action settlement in the *DiPierro* Action. Courts have broad discretion to grant or maintain a stay incidental to the power to control their own dockets and manage cases before them. *Ferrari v. N. Am. Credit Servs., Inc.*, 585 F. Supp. 3d 1334, 1336 (M.D. Fla. 2022) (Mizelle, J.) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "So long as the scope of a stay is limited and a reasonable justification is proved, courts do not abuse their discretion by granting a stay." *Green v. U.S. Dep't of Justice OPR*, Case No. 5:23-cv-62-MMH-PRL, 2023 WL 4743610, at *1 (M.D. Fla. July 25, 2023) (citing *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

7. "[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances," *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) (citing *Ortega Trujillo*, 221 F.3d at 1264), including because the parties consent to a stay or a "nationwide settlement looms" in a first-filed class action that will resolve or simplify later-filed, duplicative class actions, *Kallay v. Tween Brands, Inc.*, Case No. 2:15-cv-

2238, 2015 WL 13186225, at *1 (S.D. Ohio Oct. 29, 2015); *see, e.g.*, *Arkin v. Smith Med. Partners, LLC*, Case No. 8:19-cv-1723-T-36AEP, 2020 WL 1666158, at *2 (M.D. Fla. Apr. 3, 2020) (granting motion to stay later-filed, related action pending preliminary approval of class action settlement in earlier-filed action); *see also Finn v. Empress Ambulance Servs., Inc. d/b/a Empress EMS*, Case No. 7:22-cv-08101-KMK, Dkt. Nos. 17 & 64 (S.D.N.Y.) (staying later-filed class actions arising out of a data breach pending mediation and, later, preliminary and final approval of settlement in the first-filed action arising out of same data breach); *Ratcliff v. Morley Cos., Inc.*, No. 1:22-cv-10360, 2022 WL 2237184, at *3 (E.D. Mich. June 22, 2022) (same).

8.  Continuing the stay of this action under the circumstances will serve the interests of justice and judicial economy, including avoiding the waste of judicial resources necessary to litigate this action. First, if the Court preliminarily and finally approves the proposed nationwide class settlement in the *DiPierro* Action, the putative class will include Plaintiff and all other putative class members and all of their claims stemming from the Data Incident. In that case, the *DiPierro* Action will be over, and the Related Actions, including this action, mooted. The only claims that would survive after the DiPierro Action settlement is finally approved would be on an individual basis for putative class members who opt out of the settlement. *See, e.g., Arkin*, 2020 WL 1666158, at *2 n.4 (non-settling plaintiffs in related class

5

action defendants sought to be stayed pending preliminary approval of a class action settlement did not dispute that "approv[al of] the settlement 'would resolve all of the claims at issue in the cases brought by [non-settling plaintiffs]'").

9. Second, and relatedly, Plaintiff is not prejudiced by the continued stay because (a) she consents to it and (b) if she disapproves of the settlement, she may choose to object to or opt out of it and pursue her claims against TGH individually.

10. Third, and finally, a continued stay of this action under the circumstances will promote judicial and party economy. A short stay pending preliminary and final approval of settlement in the *DiPierro* Action will avoid duplicative discovery efforts and related, overlapping issues, and allow TGH, the *DiPierro* plaintiffs, and the Court to focus on preliminary and final approval of the settlement. *See, e.g.*, *Ratcliff*, 2022 WL 2237184, at *2 (acknowledging that "allowing [non-settling] Plaintiff's cases to proceed would likely result in 'wholly unnecessary and duplicative litigation'" where the "[settling] parties ha[d] already reached a tentative settlement agreement"); *Arkin*, 2020 WL 1666158, at *2 (same, and stating that "a limited stay of the [non-settling] action w[ould] allow the parties—and the Court—to focus on the propriety of the Motion for Preliminary Approval").

11. **Conclusion.** In light of the above, and after meeting and conferring with Plaintiff's counsel pursuant to Local Rule 3.01(g), Plaintiff has agreed to a continued stay of her action pending preliminary and final approval of the settlement in the *DiPierro* Action. Accordingly, a stay of this action will not unduly prejudice or disadvantage Plaintiff, as she consents to and jointly files this motion with TGH. In addition, discovery has not yet started, an initial scheduling conference has not yet been held, and no trial date has been set in this case.

12. The Parties therefore request that formal discovery and scheduling of motions, conferences, and any other deadlines be stayed pending preliminary and final approval of the forthcoming settlement in the *DiPierro* Action, to be filed on or by December 26, 2023, or denial of same.

For the foregoing reasons, the Parties respectfully request that the Court grant this joint motion to stay and enter an order staying this action and all pending deadlines until final approval of the *DiPierro* Action settlement, or until denial of same.

****

## RULE 3.01 CERTIFICATION

As required by Local Rule 3.01(g), counsel for Defendant conferred with Plaintiff's counsel on December 6, 2023. Plaintiff's counsel have advised that Plaintiff does not oppose the relief requested herein.

DATED: December 6, 2023

**EDELSBERG LAW, P.A.**

By: */s/ Scott Edelsberg*
Scott Adam Edelsberg
**Edelsberg Law, PA**
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
T: 305-975-3320
scott@edelsberglaw.com

Andrew John Shamis
**Shamis & Gentile, PA**
14 NE 1st Ave Ste 705
Miami, FL 33132
T: 305-479-2299
F: 786/623-0915
ashamis@shamisgentile.com

Jeff Ostrow FBN 121452
Kristen Lake Cardoso FBN 44401
Steven Sukert FBN 1022912
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Ft. Lauderdale, FL 33301
T: 954-525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com
sukert@kolawyers.com

*Attorneys for Plaintiff and the Putative Classes*

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
Email: *jsingerbrady@bakerlaw.com*
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

Casie D. Collignon
(*pro hac vice* forthcoming)
Sarah A. Ballard
(*pro hac vice* forthcoming)
1801 California Street, Suite 4400
Denver, CO 80202
Telephone: 303.861.0600
Facsimile: 303.861.7805
ccollignon@bakerlaw.com
sballard@bakerlaw.com

*Attorneys for Defendant Florida Health Sciences Center, Inc. d/b/a Tampa General Hospital*

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **JOINT MOTION TO STAY PROCEEDINGS PENDING FINAL APPROVAL OF SETTLEMENT IN THE *DIPIERRO* ACTION** was filed and served through the Court's ECF system on this 6th day of December 2023, on all counsel of record.

*/s/ Julie Singer Brady*
Julie Singer Brady